# EMILE L. SCHLIEDER vs. J. VIC. LECLERC.

## Syllabus.

Not only the principal of the mortgage note but also the demand for attorneys' fees stipulated therein must be considered in determining whether or not the appeal lies to this Court.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 100,794. Hon. T. C. W. Ellis, Judge.

Sullivan & Landry, for plaintiff and appellee.

J. B. Rosser, for appellant.

W. J. Waguespack and Charles I. Denechaud, attorneys.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:  ,

Appellant appeals from a judgment dissolving his injunction directed against a writ of executory process issued at appellee's instance to enforce the payment of a mortgage note of $2,000.00 and 2 per cent thereof as attorney's fees stipulated in the act of mortgage.

The appellee has moved that the appeal be transferred to the Supreme Court under Act 56 of 1904 on the ground that the sum involved exceeds $2,000.00. The motion is well-grounded, since in determining the jurisdiction of this Court on appeal, the attorneys' fees of 2 per cent on the amount of the note must be added to the principal of the note in fixing the amount in dispute.

**Myer vs. Stahr, 35 An., 57.**

It is accordingly ordered that this appeal be transferred to the Supreme Court upon the appellant or his attorney of record making out and filing with the Clerk of this

Court, on or before the 24th day of November, 1914, his affidavit that the appeal herein was not taken for the purpose of delay, and further upon said appellant lodging with the Clerk of the Supreme Court, on or before the 10th day of December, 1914, a full and complete transscript of this case, made and certified to in the manner and form required by the rules of said Court for transcripts taken directly to that 'Court, together with a certified copy of this opinion and decree and the affidavit herein referred to, all costs incurred in this Court to be taxed against the appellant.

Appeal transferred.

Opinion and decree, November 9, 1914. .